REY REALTY CORPORATION, Plaintiff and Petitioner, *v.* FRANCISCO OSORIO SOTO, Defendant and Respondent, THE SAME, Plaintiff and Petitioner, *v.* SANTA FIGUEROA and CARMEN PAGÁN, Defendants and Respondents.

Nos. 12275 and 12276.   Submitted April 29, 1960.—Decided June 13, 1960.

*Rodríguez Ema & Rodríguez Ramón* for petitioner. *Adolfo García Veve* for respondents.

PER CURIAM.

The Rey Realty Corporation filed two actions of accession, one against Santa Figueroa and Carmen Pagán and the other against Francisco Osorio Soto.   The defendants in each action are withholding possession of a lot of approxi-

mately 300 meters which they occupy with structures erected prior to the acquisition by the plaintiff of a plot of land situated in Quintana, Hato Rey Ward. The allegations in both complaints are substantially the same, varying only as to the amount to be paid for the structures.

The plaintiff acquired said plot of land by purchase from Eduardo Barreras, who in turn acquired it in public auction when the property was sold for the payment of taxes owed by its former owner Esteban Ríos.

The defendant Francisco Osorio filed a motion to dismiss alleging that in 1946 Esteban Ríos, the former owner of the property involved in the suit, filed a complaint of accession against him, the complaint alleging the same facts alleged in the above-entitled case; that in said action a judgment to dismiss for abandonment was rendered on March 29, 1950. That the judgment rendered in said action constitutes res judicata pursuant to the provisions of paragraph (b) of Rule 41 of the former Rules of Civil Procedure.

On their part the defendants Santa Figueroa and Carmen Pagán also moved for judgment to dismiss alleging that in June 1946 Esteban Ríos had sued Amelia Figueroa for accession and that since the latter together with Santa Figueroa was co-owner of the structure mentioned in the complaint of this action, there exists identity of the parties, of things and causes of action in that action and the present one; that in the former suit a judgment to dismiss for abandonment was entered on March 29, 1950, said judgment constituting res judicata, pursuant to the provisions in paragraph (b) of Rule 41 of the former Rules of Civil Procedure.

The Superior Court, San Juan Part, denied both motions to dismiss but later on reconsideration granted them and consequently entered judgment dismissing the complaints on the ground that the judgments to dismiss for abandonment in the actions brought by Esteban Ríos constituted res judicata pursuant to the said Rule 41 (b) of the Rules of Civil Procedure.

After the reconsideration requested by the plaintiff was denied, the latter filed the present appeals in this Court, in which it raises the following two questions:

(a) that under Rule 41(b) of the Rules of Civil Procedure a judgment to dismiss for abandonment does not constitute res judicata in a replevin such as accession and that said rule cannot repeal, enhance or modify the substantial rights of the litigants, and

(b) that the two former judgments to dismiss for abandonment are void because they were not notified to the plaintiff therein.

It is not necessary to decide now the first question raised by the petitioner, for the following reasons:

■■■ In June 1946 Esteban Ríos, the former owner of the property involved in this suit, filed in the former District Court of San Juan an action of accession under No. 910 against Amelia Figueroa and another under No. 929 against Francisco Osorio. In both cases the defendants therein answered the complaint. On at least seven occasions the plaintiff requested the inclusion of the actions in the general calendar of civil cases. The plaintiff was represented by the law firm of "Miranda and Miranda Esteves." On April 13, 1948 said law firm filed in both cases a motion withdrawing from the representation of the plaintiff and stating in said motion that the latter had been notified thereof. On April 15 of the same year the District Court entered an order in both actions accepting the resignation of plaintiff's attorneys and giving the latter 10 days to inform the court of the appointment of a new attorney.

On May 13, 1950 the clerk of the former District Court filed a motion urging dismissal of both cases for abandonment pursuant to Rule 3 of the former Rules of the District Courts. By virtue of said motion the court entered an order giving the parties 10 days to state the reasons why judgment should not be rendered dismissing the cases for abandonment. Neither the motion of the clerk nor the court

order were ever notified to the plaintiff. On March 29, 1950 said court rendered judgment dismissing the actions for abandonment. Nor was this judgment notified to the plaintiff. All that appears from the records is that the notice was made in the following manner:

"To Esteban Ríos

"c/o Mr. J. Pedro Miranda, San Juan, P. R."

Although under said Rule 3 [1] the District Court was authorized to order *motu proprio* the dismissal of any action, suit or proceeding wherein no progress had been made for one year, due to the negligence of the parties, the rule itself required that the parties be previously notified at least five days in advance, so that they could justify the delay and thus bar the judgment of dismissal. We have already said that in the two former actions plaintiff Ríos was never notified of the clerk's motion nor of the court order requiring him to state the reasons why the actions should not be dismissed, nor of the judgment to dismiss for abandonment. Therefore such judgments rendered in violation of the said Rule 3 lack legal validity and cannot support the defense of res judicata raised by the defendants in these proceedings, even assuming that the former Rule 41 (b) of The Rules of Civil Procedure apply to an action of the nature of the action of accession.

Consequently, the judgments rendered by the Superior Court dismissing the complaints are reversed and the records remanded to the lower court for further proceedings.

---

[1] Said Rule provided:

"At the calling of the calendar at each regular term, the court, *motu proprio* and by previously notifying the parties at least five days before, may order the dismissal of any pending action, suit or proceeding wherein no progress has been made in their prosecution and entry thereof made in the record, for one year or more, due to the negligence of the parties, unless such delay is opportunely justified to the satisfaction of the Court."